**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK**

_____

**UNITED STATES OF AMERICA,**

                **Plaintiff,**

        v.                                      **12-CR-156A**

**ANTONIO ALMONTE,**

                **Defendant.**

_____

## REPORT, RECOMMENDATION AND ORDER

This case was referred to the undersigned by the Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions.

## PRELIMINARY STATEMENT

The defendant, Antonio Almonte ("the defendant"), is charged along with a co-defendant, Luis Vazquez, with having violated Title 18 U.S.C. § 846. (Dkt. #1). The defendant filed an omnibus discovery motion which has now been decided by this Court. He has also made a "motion to suppress statements" allegedly made by him. (Dkt. #17, p. 2). In response, the government asserts that since the defendant "has not stated the basis, or factual support" for his motion to suppress by way of an affidavit, his "motion to suppress his post Miranda statements should be denied in its entirety." (Dkt. #18, pp. 2-3).

## DISCUSSION AND ANALYSIS

Basically the defendant has filed a bare bones motion seeking to suppress any statements made by him which the government plans to use at trial. He has failed to support his motion with a personal affidavit setting forth facts and/or circumstances that would warrant the granting of the motion. (Dkt. #17, p. 2). In opposition, the government represents that "Miranda warnings were administered [to him] and that he knowingly and voluntarily waived those (sic) rights, before agreeing to speak with the agents." (Dkt. #18, pp. 2-3). The government also submitted what it describes as a copy of the *Miranda* warnings and "Advice of Rights" written in both English and Spanish which the defendant acknowledged receiving as well as waiving his rights by signing both the English version and the Spanish version of the "Advice of Rights" form. (*See* Exhibit A attached to Government's "Response" to the defendant's motion to suppress). (Dkt. #18).

Since the defendant has failed to "create a dispute over any material fact," there is no requirement that the Court hold a hearing on his motion to suppress. Furthermore, the government's uncontradicted response, including Exhibit A attached thereto (Dkt. #18), refutes the defendant's claim for suppression of evidence. Therefore, it is recommended that defendant's motion to suppress his statements be DENIED. *See United States v. Caming*, 968 F.2d 232, 236 (2d Cir.); *cert. denied* 506 U.S. 956 (1992); *United States v. Gilletta*, 383 F.2d 843, 848 (2d Cir. 1967).

It is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Report, Recommendation and Order be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Crim.P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the

portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.**


DATED:    Buffalo, New York
          September 21, 2012

                                        *S/ H. Kenneth Schroeder, Jr.*
                                        **H. KENNETH SCHROEDER, JR.
                                        United States Magistrate Judge**